**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

DAVID LEE RAMSEY,                          )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )          Civil Action No. 12-00383-N
                                           )
CAROLYN W. COLVIN,                         )
Acting Commissioner of Social Security,[1] )
                                           )
        Defendant.                         )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule

54(d)(2)(D), Federal Rules of Civil Procedure, on the motion for attorney's fees under

the Social Security Act, 42 U.S.C. § 406(b) (Doc. 27).  Upon consideration of all

pertinent materials contained in the file, it is determined that the petitioner should

receive a reasonable fee in the amount of **$13,524.00** under the Social Security Act.

## I.      Findings of Fact

Petitioner William T. Coplin, Jr., Esquire, was hired by the plaintiff to

represent him in connection with his claim for Supplemental Security Income and

Disability Insurance Benefits on August 4, 2010. (*See* Doc. 27-1 (the "Attorney Fee

Agreement").)  The Attorney Fee Agreement in pertinent part provides that, if the

plaintiff receives a favorable decision from the Social Security Administration (the

---

[1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Colvin is
substituted for Michael J. Astrue as the proper defendant in this case.

"Administration") after the decision of a federal court, the plaintiff will pay his attorney "a fee equal to 25% of all past-due benefits" regardless of an otherwise applicable limit set forth in the Attorney Fee Agreement. (*See id.*, ¶ 4.)

On November 13, 2012, in response to the Commissioner's unopposed motion (Doc. 18), this Court ordered that the Commissioner's decision denying the plaintiff benefits be reversed and remanded for further proceedings (Doc. 21).[2] After remand, an Administrative Law Judge rendered a fully favorable decision, dated August 5, 2013, in which the ALJ determined that the plaintiff is disabled and was entitled to benefits commencing October 7, 2005. (*See* Docs. 27-2, 27-3.)

Based on the plaintiff's "Notice of Award" from the Administration (Doc. 27-3), twenty-five percent (25%) of the plaintiff's past due benefits amounts to $21,024.00 (*see id.* at 4). However, because the petitioner has separately moved to obtain $6,000 for attorneys' fees for representation of the plaintiff before the Administration (*see* Doc. 27-4), and because the petitioner has already been paid $1,500 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") (*see* Docs. 26, 27-5), he is only requesting that $13,524.00 be approved as an attorney's fee—which amount represents the remainder of 25% of the past-due benefits to which the Administration has determined that the plaintiff is entitled under the Act, less the $6,000 the petitioner has separately moved for from the Administration and

---

[2] That remand, pursuant to sentence four of 42 U.S.C. § 405(g), made Ramsey a prevailing party, entitling him to attorneys' fees and expenses under the Equal Access to Justice Act (the "EAJA"). *See, e.g., Greene v. Colvin*, No. 5:12–cv–00242–MP–EMT, 2014 WL 518932, at *1 (N.D. Fla. Feb. 10, 2014) (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)).

the $1,500 he previously received pursuant to EAJA—for the 8.80 hours he spent

before this Court representing the plaintiff (*see* Doc. 27-6).[3]

## II.     Conclusions of Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b),

provides that a court which renders a favorable judgment to a Social Security

claimant may award the claimant's attorney a reasonable fee for his representation

of the claimant "not in excess of 25 percent of the total of the past-due benefits to

which the claimant is entitled by reason of such judgment, and the Commissioner of

Social Security may, notwithstanding the provisions of section 405(i) of this title, but

subject to subsection (d) of this section, certify the amount of such fee for payment to

---

[3]     The petitioner's decision to offset his request for fees under § 406(b) by the amount he already received under the EAJA caused the Court to pause initially.  This is because, to both honor the EAJA's Savings Provision, 28 U.S.C. § 2412, and prevent double recovery, the usual practice, where the calculated contingency fee amount is greater, has been for an attorney to refund to his client the smaller EAJA fee amount.  But, as the Eleventh Circuit has recognized, that approach "is not the only way to comply" with the Savings Provision.  *Jackson v. Commissioner of Soc. Sec.*, 601 F.3d 1268, 1273 (11th Cir. 2010).

> Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision, we are not persuaded that such a refund is the only way to comply.  Again, nothing in the Savings Provision forecloses an attorney from effecting the refund by reducing his § 406(b) fee request.  Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.

*Id.* (adopting the Ninth Circuit's approach, and rejecting the approach of the Tenth Circuit, *compare Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009), *with McGraw v. Bernhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006)); *see also id.* at 1274 (concluding, "Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.")).

such attorney out of, and not in addition to, the amount of such past-due benefits."[4]

Section 406(b) thus "provides for contingent fees to be charged **to the client**, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); *see Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002); *see also id.* at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in

---

[4] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (internal citations omitted).

In line with *Gisbrecht*, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) in favor of the contingency fee approach of other Circuits, including the Second Circuit, in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); *see also Gisbrecht*, 535 U.S. at 799 & 808-09.

In this matter, the Administration has determined that ***25% of*** the past-due disability insurance benefits to which the plaintiff is entitled is $21,024.00 (*see* Doc. 27-3 at 4). The contingency agreement, which the plaintiff entered into on August 4, 2010, contemplates attorney's fees of as much as 25% of the claimant's past-due benefits following a favorable decision (*see* Doc. 27-1, ¶ 4), and it is apparent to the Court that the amount requested by the petitioner herein ($13,524.00), when combined with (1) the $6,000 for administrative attorney fees being separately

5

petitioned for from the Administration (*see* Doc. 27-4) and (2) the $1,500 previously paid pursuant to EAJA (*see* Doc. 27-5), is not more than 25% of the past-due benefits the plaintiff has been awarded in this case. Moreover, there is no evidence that the petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[5] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the Court considers the requested amount reasonable.

Accordingly, the Court authorizes the petitioner to receive, as a fee for services rendered before this Court, the sum of $13,524.00, which, when added to the $6,000.00 counsel has petitioned for from the Administration and the $1,500 counsel had already received pursuant to the EAJA, represents 25% of the total of past-due benefits awarded to the plaintiff.

### III.     Conclusion

The Court **ORDERS** that the petitioner receive as an attorney's fee for services rendered in this Court for the sum of **$13,524.00** pursuant to 42 U.S.C. § 406(b).

**DONE** and **ORDERED** this the 28th day of February, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]     The request, when broken down, renders an hourly rate of approximately $1,536.81.